UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMONTE HUNTER, individually and on behalf of all others similarly situated | * * * |
| Plaintiff, | * * |
| versus | CASE NO. * * |
| EXTRAORDINARY FLOORING, LLC and JACOB LAWSON | * * |
| Defendants. | * COLLECTIVE ACTION * |

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Jamonte Hunter, by and through undersigned counsel, on behalf of himself and all others similarly situated, brings this Collective Action Complaint against Defendants, Extraordinary Flooring, LLC, and Jacob Lawson, and in support of his claim, states as follows:

### SUMMARY

1. Defendants, Extraordinary Flooring, LLC, and its owner, Jacob Lawson (collectively referred to as "Defendants"), engaged in a pay scheme that violates the Fair Labor Standards Act ("FLSA") 29 U.S.C. §201, *et seq*, that deprives workers of overtime pay.

2. Defendants employ general labors who, among other things, install, resurface and polish concrete and epoxy flooring.

3. The general laborers are paid a day rate.

4. Defendants classify the general laborers as independent contractors and do not pay the workers overtime.

5. Despite this pay scheme, Defendants are joint employers within the meaning of the FLSA, and are thus, liable to Plaintiff and the collective members for overtime.

1

6. This collective action seeks to recover unpaid overtime wages and liquidated damages, together with attorneys' fees, interest, and costs of these proceedings.

## JURISDICTION & VENUE

7. This case raises a federal question under 29 U.S.C. § 216(b), giving this Court original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendants conduct substantial business in this District, employing Plaintiff and the collective members to perform work in this District while subjecting them to Defendants' improper and illegal payroll practices.

## PARTIES

9. Plaintiff, Jamonte Hunter ("Hunter"), was employed by Defendants as a general laborer from May, 2022 to March, 2023.

10. Hunter's written consent to join this action is attached. (Exhibit "A").

11. Defendant Extraordinary Flooring, LLC ("Extraordinary Flooring") is a Louisiana limited liability company doing business in the State of Louisiana and in this District.

12. Defendant Extraordinary Flooring may be served through its registered agent, Jacob Lawson, 109 Ocelot Drive, Arabi, Louisiana 70032.

13. Defendant Jacob Lawson ("Lawson") is a major, individual domiciled in Louisiana, who may be served at 109 Ocelot Drive, Arabi, Louisiana 70032.

## FACTS

14. Plaintiff and the collective members work or worked for Defendants as general laborers installing, resurfacing and polishing concrete and epoxy flooring.

15. Plaintiff and the collective members perform work as general laborers as an integral part of Defendants' flooring business.

16. At all relevant times, Extraordinary Flooring has been and continues to be an enterprise engaged in the "production of goods for commerce" within the meaning of the phrase as used in the FLSA.

17. Defendants' employees routinely handle goods or materials that have moved in, or were produced for, interstate commerce.

18. Upon information and belief, in each of the past three (3) years, Extraordinary Flooring's gross revenue has exceeded $500,000.

19. Over the past three (3) years, Defendants employed dozens of individuals – including Hunter – as general laborers.

20. Defendants routinely suffered and permitted Hunter and the collective members to work over forty (40) hours in a workweek.

21. Defendants have a common policy of not paying Plaintiff and the collective members at a rate of one and one-half (1.5) times their regular pay for the overtime hours they worked as required by the FLSA.

22. Defendants paid Plaintiff and the collective members a day rate for all hours worked, rather than paying one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) in a workweek.

23. Plaintiff and the collective members typically worked 60-70 hours a workweek.

24. Plaintiff was initially paid a day rate of $125.00 but eventually received a raise to $135.00.

25. For example, on March 7, 2023, Plaintiff was paid $810.00 for working six days. Plaintiff worked in excess of forty (40) hours during the workweek but was not paid an overtime premium.

26. Defendants willfully operated under a common scheme to deprive Plaintiff and the collective members of overtime compensation by not paying them overtime for all hours worked in excess of forty (40) in a workweek.

27. Defendants' general labor workers are non-exempt employees under the FLSA.

28. Defendants were aware, or should have been aware, that Plaintiff and the collective members were non-exempt employees under the FLSA.

29. Defendants were aware, or should have been aware that Plaintiff and the collective members worked overtime but did not receive overtime wages because Defendants kept track of their time and determined work assignments.

30. Defendants were aware, or should have been aware, that their failure to pay overtime for all hours worked over forty (40) in a workweek violated the FLSA.

31. Nonetheless, Defendants did not (and do not) pay Plaintiff and the collective members overtime wages in violation of the FLSA.

**JOINT EMPLOYER ALLEGATIONS**

32. Defendants have employed Plaintiff and the collective members at all relevant times as a single enterprise.

33. Defendant Lawson is the owner and operator of Extraordinary Flooring.

34. At all relevant times, Lawson is and has been an "employer" of Plaintiff and the collective members as that term is defined by the FLSA.

35. At all relevant times, Lawson has been actively involved in managing the operations of the company.

36. At all relevant times, Lawson has had control over Extraordinary Flooring's pay policies, and has made personnel and payroll decisions.

37. At all relevant times, Lawson has had the power to stop any illegal pay practices that harmed Plaintiff and the collective members.

38. At all relevant times, Lawson has had the power to transfer the assets and liabilities, and declare bankruptcy on behalf of Extraordinary Flooring.

39. At all relevant times, Lawson has had the power to enter into contracts on behalf of Extraordinary Flooring.

40. At all relevant times, Lawson has had the power to close, shut down, and/or sell Extraordinary Flooring.

41. At all times pertinent hereto, Defendants jointly exercised supervisory responsibilities and substantial control over the terms and conditions of Plaintiff's and the collective members' work including, but not limited to, assigning work, providing materials, and mandating compliance with policies and procedures that regulate all aspects of the general labor jobs.

42. Defendant Lawson was the direct supervisor of Plaintiff and the collective members, and/or Defendants directly employed supervisors to supervise and direct Plaintiff and the collective members.

43. Plaintiff and the collective members received all work assignments from Defendants, and they relied on Defendants for work assignments.

44. Defendants directly relied on the work of Plaintiff and the collective members, and provided substantial oversight of their activities.

45. Defendants supplied the general laborers with materials, tools and supplies needed to perform their assigned jobs.

46. The work performed by Plaintiff and the collective members was integral to Defendants' business. Without their work, Defendants could not have performed their contracted responsibilities for their clients.

47. Defendants profited directly from the work performed by Plaintiff and the collective members.

48. The manner by which Plaintiff and all collective members were paid was designed, implemented and enforced by Defendants.

49. Defendants had the ability to terminate Plaintiff and all collective members.

50. In short, Plaintiff and the collective members were economically dependent on Defendants.

51. Accordingly, Defendants are "employers" under the FLSA and, as such, are jointly and severally liable for all FLSA damages for their joint failure to comply with the FLSA's overtime requirements regarding general laborers.

### COLLECTIVE ACTION ALLEGATIONS

52. Plaintiff brings this claim under Section 216(b) of the FLSA as a collective action.

53. The same policy that caused Plaintiff to be denied his overtime pay caused Defendants' other general laborers to be denied their overtime pay.

54. While the precise job duties performed by the collective members might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

55. Nor do any differences in job duties matter for determining whether Defendants' policy of not paying general laborers overtime is legal.

56. The members of the collective are all entitled to overtime for all hours worked over forty (40) in a workweek consistent with the overtime requirements of the FLSA.

57. By failing to compensate Plaintiff and the collective members, Defendants violated, and continue to violate, the workers' rights under FLSA, 29 U.S.C. § 207.

58. Because Defendants uniformly failed to pay overtime to all general laborers, Plaintiff and the collective members are similarly situated within the meaning of 29 U.S.C. § 216(b).

59. Upon information and belief, Defendants employed numerous workers like Plaintiff during the past three (3) years.

60. Nearly all of the questions related to Plaintiff and the collective members can be answered on a collective basis.

61. Defendants' practice of classifying general laborers as independent contractors and paying them a day rate for all hours worked is based on established companywide policies.

62. Defendants' payroll and time-keeping records would permit accurate calculation of damages with respect to each member of the collective.

63. The most important questions presented in this case can be resolved on a collective-wide basis.

64. Absent a collective action, many members of the collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of its violations of the FLSA.

65. Furthermore, individual litigation would be unduly burdensome to the judicial system.

66. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the collective and provide for judicial consistency.

### COLLECTIVE DEFINITION

67. Plaintiff brings this lawsuit pursuant to Section 216(b) of the FLSA as a collective action on behalf of:

> All individuals who performed work for Extraordinary Flooring, LLC as a general labor at any time within the last three (3) years.

### COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT FOR FAILURE TO PAY OVERTIME COMPENSATION

68. Plaintiff, on behalf of himself and the collective, re-alleges and incorporates by references the above paragraphs.

69. This claim arises from Defendants' violation of the FLSA, 29 U.S.C. § 201, *et. seq.*, for failure to pay overtime compensation to Plaintiff and members of the collective.

70. Defendants, pursuant to their policies and practices, refused and failed to pay overtime wages to Plaintiff and the collective members.

71. By failing to compensate Plaintiff and the collective members, Defendants violated, and continue to violate, rights of Plaintiff and the collective members under FLSA, 29 U.S.C. § 207.

72. The forgoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255, without a good faith or reasonable basis.

73. Plaintiff, on behalf of himself and the collective, seeks damages for unpaid overtime wages, liquidated damages as provided under the FLSA, interest, and such other legal and equitable relief as the Court deems proper.

74. Plaintiff, on behalf of himself and the collective members, seeks recovery of attorney's fees and costs to be paid by Defendants as provided by the FLSA.

### COUNT II – RECORDKEEPING VIOLATION

75. Plaintiff, on behalf of himself and the collective, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

76. Upon information and belief, Defendants did not maintain, for a period of at least two (2) years, timecards detailing the start and stop times for Plaintiff and the collective members, as prescribed by 29 C.F.R. § 516.6.

77. Defendants have therefore violated the recordkeeping requirements of the FLSA. 29 U.S.C. § 211.

### PRAYER

**WHEREFORE**, Jamonte Hunter prays for relief as follows:

1. An order authorizing notice pursuant to 29 U.S.C. § 216(b) to the collective members to permit them to join this action by filing a written notice of consent;

2. Judgment against Defendants, Extraordinary Flooring, LLC and Jacob Lawson, awarding Plaintiff and the other collective members all unpaid overtime wages, liquidated damages, attorneys' fees, costs and expenses under the FLSA;

3. Pre- and post-judgment interest at the highest rate allowable by law; and

4. All such other and further relief to which Plaintiff and the other collective members may show themselves to be justly entitled.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

                                    Respectfully Submitted,

                                    /s/ *Scott E. Brady*
                                    Philip Bohrer
                                    Scott E. Brady
                                    BOHRER BRADY LLC
                                    8712 Jefferson Highway, Ste. B
                                    Baton Rouge, LA 70809
                                    Tel: 225-925-5297
                                    Fax: 225-231-7000
                                    phil@bohrerbrady.com
                                    scott@bohrerbrady.com

                                    *Attorneys for Plaintiff and the Collective*